# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Katharine S. Hayden |
| v. | Criminal No. 19-cr-498 |
| FRANK TOLEDO | 18 U.S.C. § 241 |
| | 18 U.S.C. § 242 |
| | 18 U.S.C. § 1519 |

## INFORMATION

The defendant having waived in open court prosecution by indictment, the United States Attorney for the District of New Jersey charges:

### Count 1
### (Conspiracy to Deprive Persons of Civil Rights)

1. At all times relevant to Count 1 of this Information:

    a. Defendant FRANK TOLEDO ("TOLEDO") was a police officer employed by the Paterson Police Department ("PPD") in Paterson, New Jersey.

    b. Eudy Ramos ("Ramos"), Jonathan Bustios ("Bustios"), Matthew Torres ("Torres"), and Daniel Pent ("Pent") were police officers employed by the PPD.

    c. TOLEDO, Ramos, Bustios, Torres, and Pent were assigned to the same squad within the PPD and typically worked a shift that began at approximately 4:30 a.m. and ended at approximately 3:45 p.m. On a typical shift, each PPD officer was assigned to patrol a specific area of Paterson. Following each shift, PPD officers were required to report their activities and assignments accurately on a Patrol Activity Log, which they signed and submitted to the PPD.

2.  From in or about 2016 to in or about April 2018, in Passaic County, in the District of New Jersey, and elsewhere, defendant

**FRANK TOLEDO**

knowingly and willfully conspired and agreed with Eudy Ramos, Jonathan Bustios, Matthew Torres, Daniel Pent, and others to injure, oppress, threaten, and intimidate individuals in Paterson in the free exercise and enjoyment of the rights secured to them by the Constitution and laws of the United States, namely: (a) their right to be free from unreasonable searches and seizures by one acting under color of law; and (b) their right not to be deprived of property without due process of law by one acting under color of law.

## Goal of the Conspiracy

3.  It was the goal of the conspiracy for TOLEDO, Ramos, Bustios, Torres, Pent, and others (the "Co-Conspirators"), acting under color of law, to: (a) illegally stop and search vehicles and the occupants of those vehicles; (b) illegally stop and search individuals in buildings or on the streets of Paterson; (c) arrest individuals in Paterson; (d) steal money from the individuals who the Co-Conspirators stopped and searched illegally and from the individuals they arrested; and (e) conceal these activities from the PPD by submitting false reports, including false Patrol Activity Logs, that omitted, or lied about, their illegal activities.

2

## Manner and Means

4.  It was part of the conspiracy that:

   a.  While in uniform and on official duty as PPD officers, the Co-Conspirators illegally targeted and stopped certain occupants of vehicles in Paterson who the Co-Conspirators believed carried sums of money.

   b.  The Co-Conspirators conducted vehicle stops of those individuals without any legal basis.

   c.  The Co-Conspirators searched the motor vehicles and the occupants, without any legal basis.

   d.  The Co-Conspirators seized cash from the vehicles' occupants and split the cash proceeds among themselves.

   e.  The Co-Conspirators illegally stopped and searched individuals in buildings and on the streets of Paterson, seized cash from those individuals, and split the cash proceeds among themselves.

   f.  The Co-Conspirators arrested individuals, seized cash from those individuals during the arrests, and split the cash proceeds among themselves.

   g.  The Co-Conspirators communicated via text message regarding their criminal conduct, and they used the code word "mango" in their text messages to refer to cash.

      i.  For example, on or about November 7, 2017, TOLEDO received a text message from Bustios. In the text message, Bustios had attached an animated talking pig that said, "Yo what the fuck are you doing?  I'm tryin' to go

3

mango hunting. Let's goooo!" TOLEDO responded, via text message, "Lafayette and e 18" and then "Meet me here," telling Bustios to meet him at a location where they could look to illegally seize "mangos" (meaning, cash) from Paterson residents.

        ii.     In another exchange, on or about November 16, 2017, TOLEDO sent a text message to Bustios stating, "everything we do is illegal."

        iii.     And, on November 24, 2017, TOLEDO told Bustios that he was on an "electronic upgrade binge" and that he was "trying for at least 4-5 mangos a tour til Xmas," meaning that TOLEDO was hoping to illegally seize cash from individuals in Paterson to help pay for his personal expenses.

     h.     The Co-Conspirators submitted false police reports to the PPD, including false Patrol Activity Logs, incident reports, and offense reports, that either omitted the illegal stops, searches, and cash seizures, or affirmatively lied about them.

     i.     The Co-Conspirators conducted these illegal activities outside of the areas of Paterson that they had been assigned to patrol. For example, on or about December 2, 2017, TOLEDO and Ramos, while on duty and in uniform, stopped an individual in Paterson. TOLEDO and Ramos arrested the individual and transported the individual to PPD headquarters. TOLEDO and Ramos stole approximately $1,000 from the individual during the individual's arrest and split the proceeds.

     In violation of Title 18, United States Code, Section 241.

## Count 2
## (Deprivation of Rights Under Color of Law)

1. The allegations set forth in paragraph 1 of Count 1 of this Information are realleged and incorporated as if set forth herein.

2. TOLEDO and other PPD officers routinely used unreasonable and excessive force in their encounters with individuals, while on official duty—for example:

    a. In or about 2017, TOLEDO chased and apprehended a juvenile in Paterson, pushed the juvenile to the ground, and punched the juvenile several times, causing bodily injury to the juvenile. Afterwards, TOLEDO sent a text message to Bustios stating, "I've been borderline blacking out when I catch these n[____] lately." TOLEDO then sent three consecutive text messages to Bustios, stating, "You had to be there when me and Matt [Torres] chased that kid from summer," "At that point I was no longer a cop," and "I beat that n[____] like he owed me money." Bustios responded that "my hands be hurting for weeks when I do that shit man lol."

    b. In or about November 2017, TOLEDO and Ramos chased and tackled an individual in Paterson and then struck the individual several times in the body, resulting in bodily injury to the individual. After striking the individual several times, TOLEDO and Ramos released the individual without filing any charges. The incident was recorded and uploaded to Youtube. Bustios sent text messages to TOLEDO stating, "Why ain't you tell me someone was recording you that day on alois with the kid in the blue sweatsuit???" and then "I would of took his

phone and deleted the footage." TOLEDO responded, "Because I ain't think he actually got any footage" and then "He missed the best part" and, finally, "When i laid him out." TOLEDO also said, "Funny shit is that we cut him" and "Didn't even lock him up," meaning that after TOLEDO and Ramos used excessive force on the individual, they released him without charges.

      c.     In or about 2017, TOLEDO and Torres were dispatched to a call regarding an individual screaming in the middle of a street in Paterson. TOLEDO and Torres arrested the individual and placed the individual, handcuffed behind his back, in the backseat of their police car to transport the individual to PPD headquarters. TOLEDO depressed the brakes on his police car in order to force the individual to slam his body and head against the divider in the backseat of the police car, a tactic known as "brake-checking," and resulting in bodily injury to the individual. While driving, TOLEDO recorded the incident on his cell phone and sent it to others.

    3.    From in or about 2016 to in or about April 2018, in Passaic County, in the District of New Jersey, and elsewhere, defendant

**FRANK TOLEDO,**

while acting under color of law, punched, violently struck, and caused physical harm to various individuals, willfully depriving the individuals of the right, secured and protected by the Constitution and laws of the United States, to be free from the use of unreasonable force by a law enforcement officer, resulting in bodily injury to the individuals.

    In violation of Title 18, United States Code, Section 242.

## Count 3
### (Falsification of a Record)

1. The allegations set forth in paragraphs 1 and 4 of Count 1 of this Information are realleged and incorporated as if set forth herein.

2. Conspiracy and substantive offenses involving the deprivation of civil rights, to include the right to be free from unreasonable searches and seizures, and the right not to be deprived of property without due process of law, by a person acting under color of law, contrary to Title 18, United States Code, Sections 241 and 242, are matters within the jurisdiction of the Federal Bureau of Investigation (the "FBI"), which is an agency within the United States Department of Justice.

3. On or about December 2, 2017, in Passaic County, in the District of New Jersey, and elsewhere, defendant

**FRANK TOLEDO,**

in relation to and in contemplation of a matter within the jurisdiction of the FBI, an agency of the United States, knowingly concealed, covered up, falsified, and made a false entry in a Paterson Police Incident Report with the intent to impede, obstruct and influence the investigation and proper administration of such matter, that is, TOLEDO submitted and caused to be submitted an Incident Report that entirely omitted that he and Ramos had stolen $1,000 from an arrestee.

In violation of Title 18, United States Code, Section 1519.

*Craig Carpenito*
CRAIG CARPENITO
United States Attorney

CASE NUMBER: 19-

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**FRANK TOLEDO**

# INFORMATION FOR

18 U.S.C. § 241
18 U.S.C. § 242
18 U.S.C. § 1519

**CRAIG CARPENITO**
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

RAHUL AGARWAL
*ASSISTANT U.S. ATTORNEY*
*(973) 297-4395*

USA-48AD 8
(Ed. 1/97)